### MIDWEST STEEL COMPANY and MISSION INSURANCE COMPANY
### v. James L. MULANAX

CA 80-156                            606 S.W. 2d 606

Court of Appeals of Arkansas
Opinion delivered October 29, 1980

*Davis, Bassett, Cox & Wright*, for appellant.

No brief for appellee.

STEELE HAYS, Judge. This case involves successive, disabling injuries subject to the Arkansas Workers' Compensation Act.

On May 25, 1976, while employed by appellant, Midwest Steel Company, the claimant-appellee, James L. Mulanax, sustained a crushing injury to his right arm, causing a complete loss of use of the arm below the elbow. Midwest accepted the claim as compensable and has paid medical expenses and temporary total disability benefits covering 85 weeks.

Prior to the crushing injury, on November 11, 1975, claimant suffered a traumatic amputation of three fingers on his left hand, leaving only the index finger and thumb. The injury occurred while claimant was engaged in farm labor and because of the agricultural exemption of the Workers' Compensation Act, no benefits were payable.

Still earlier, on Feburary 26, 1973, claimant sustained a work-related injury while employed as a truck driver by D. H. McJunkin. The injury required the surgical removal of three herniated discs and resulted in a 15% permanent partial disability, for which claimant received the sum of $3,307.50.

In connection with the Midwest claim, the Commission determined that claimant was totally and permanently disabled as a result of the combined injuries and found that payments from the second injury fund were not applicable. The Commission gave Midwest credit under the Rule of Apportionment for the dollar amount actually received by claimant for the back injury and, further, gave Midwest credit for $3,802.50, the dollar amount that the Commission calculated the claimant would have received for the injury to his left hand had the injury been covered by workers' compensation. The total of these two amounts was subtracted from the maximum award payable under the act, $50,000.00, and thus the ceiling on Midwest's liability under the claim was determined to be $42,890.00. On appeal to the Circuit Court the award was affirmed and is now before us.

Midwest argues that the Commission erred in failing to give sufficient credit for the claimant's pre-existing disabilities and, obliquely, that the spirit and intent of the second injury sections of the Workers' Compensation Act [Ark. Stat. Ann. (1979 Repl.) § 81-1313(f)] demonstrates that where the subsequent injury is a scheduled injury, the Second Injury Fund should be reponsible for the total and permanent disability benefits in excess of the scheduled injury benefits.

While this appeal was pending, and after submission, the Supreme Court granted certiorari to this court in the case of *Chicago Mill and Lumber Company, Appellant* v. *Starling Greer, Employee, and State of Arkansas, Second Injury Fund, Appellees,* (No. 80-157). Because of the similarity of issues between the *Chicago Mill* case and this case, and the absence of precedent. a decision in the present case was withheld awaiting the outcome of *Chicago Mill and Lumber Company* v. *Greer.*

In *Chicago Mill*, the Commission was affirmed by this

court in an opinion joined in by three judges, with three judges dissenting. The decision was delivered on July 2, 1980, 269 Ark. 895, 601 S.W. 2d 583, and affirmed the Commission unanimously to the extent of holding that the second Injury Fund was not applicable for the reason that the second injury had not resulted in a total loss of the member itself. The three to three division in our ranks was not over the application of the Second Injury Fund, but over the method of apportionment of the successive injuries. However, the decision of the Supreme Court in *Chicago Mill,* with one justice dissenting, held that the Second Injury Fund is applicable because there was a *functional* loss of the member which the Supreme Court apparently equated with "total loss," and governs the present case.

Since neither the claimant nor the Second Injury Fund filed briefs on appeal in this case, we believe the case should be left open on remand for such further arguments as the claiment, the employer and the Second Injury Fund deem appropriate in the light of the decision in *Chicago Mill and Lumber Company* v. *Greer*, and, therefore, we reverse and remand to the Circuit Court with directions to remand the case to the Commission for further consideration in accordance with our holding that the Second Injury Fund is applicable.

Reversed and remanded.